# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                                      No. CR 17-2383 WJ

JOSEPH A. ANAYA,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION IN LIMINE (DOC. 92)
## and
## GRANTING THE GOVERNMENT'S MOTION IN LIMINE (DOC. 94)

THIS MATTER comes before the Court upon the following motions in limine:

- Defendant's "Fifth" Motion in Limine to Exclude Introduction of Jailhouse Call, filed October 21, 2018 **(Doc. 92)**;

and

- Government's Cross-Motion in Limine to Allow Introduction of Jailhouse Call, filed October 2,1, 2018 **(Doc. 94)**.[1]

## BACKGROUND

Defendant is charged with felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). Jury selection and trial in this case is currently set for February 19, 2019. *See* Doc. 129. The subject of this motion is a jailhouse call made by Defendant to a female on May 20, 2017, when he was in custody following his arrest pursuant to a state of New Mexico arrest warrant charging three state of New Mexico criminal offenses. In that phone call, Defendant

---

[1] The Government's cross-motion also serves as the response to Defendant's motion. Defendant did not respond to the Government's cross-motion.

asked the female to do him a "big favor," namely: to call his cousin and ask her to pick up a "thing" in his closet because his sister was trying to get him "in some serious, serious sh*t."[2]

Defendant objects to the introduction of the phone call transcript as evidence at trial on three grounds:

- First, the phone call is immaterial and irrelevant (Fed.R.Evid. 401);

- Second, that any relevance is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury (Fed.R.Evid. 403); and

- Third, that admission of the recording of the call would violate Fed.R.Evid. 801 because the statements of the other person on the call would be admitted, such statements are hearsay, and admission would violate Defendant's Sixth Amendment right to confront and cross-examine the other person on the phone call.

The jailhouse call at issue here was also the subject of two motions to suppress, both of which were denied by the Court. Docs. 39 and 128. Defendant unsuccessfully challenged the veracity of the affidavit in support of the search warrant which led to finding the gun in Defendant's home, *see* Doc. 39. Defendant did not succeed in his motion to suppress evidence (including the jailhouse call) as a result of an allegedly unlawful arrest, *see* Doc. 128. Further description and particulars regarding the jailhouse call and events leading up to the call need not be reiterated here, since they can be found in the Court's decisions on those motions to suppress. *See* Doc. 39 at 4, 8; Doc. 128 at 3.

**DISCUSSION**

As an initial matter, Defendant was aware that his outgoing call would be recorded, *see* Doc. 39 at 15, and thus had no expectation of privacy in the phone call. *See United States v. Gangi*, 57 F. App'x 809, 815 (10th Cir. 2003) ("no expectation of privacy prisoner's outbound telephone

---

[2] The jailhouse call was also the subject of two motion to suppress, both of which were denied by the Court. Docs. 39 and 128. Further description and particulars regarding the phone call can be found in the Court's decisions on those motions. Doc. 39 at 4, 8; Doc. 128 at 3.

calls"); *Kamahele v. United States*, No. 2:15-CV-00506-TC, 2017 WL 3437671, at *11 (D. Utah Aug. 10, 2017) ("vast weight of authority" demonstrates that there is no reasonable expectation of privacy in calls initiated from jail where prisoners are given notice that all telephone calls are monitored and recorded) (citation omitted).

I.      **The Jailhouse Call is Material and Relevant**

Defendant is charged with knowingly possessing a firearm. Defendant's own words during the phone call tend to show that he knowingly possessed the firearm that was found in the house, and knew he could not lawfully do so. The Court previously concluded that a reasonable inference can be drawn that Defendant was referring to the gun in using the word "thing" in the conversation, since "[i]f Defendant wanted someone to remove a gun from his closet, he most likely would not have used the word 'gun' in the conversation." Doc. 39, pp. 14-15.

The jailhouse call is therefore relevant and material to show Defendant's constructive and knowing possession of the firearm and his then-existing guilty state of mind, including his plans and preparations to conceal from authorities evidence of the crime for which he is charged in this case.

II.     **Relevance Is Not Outweighed by Prejudice or Confusion**

Defendant next contends that any relevance the jailhouse call might have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury (Fed.R.Evid. 403).

The relevance and probative value of the jailhouse call has been established above: it is related to the relevant time period in this case and establishes Defendant's possession and concealment of a gun in a bag in a closet in his residence. The unfair prejudice aspect of Rule 403 "cannot be equated with testimony which is simply unfavorable to a party" – since all of the

Government's evidence can be characterized as prejudicial to Defendant. *U.S. v. Flanagan* 34 F.3d 949, 953 (10th Cir. 1994). Rather, unfairly prejudicial evidence must be unfair "in the sense that it would be misleading and not aid and assist the jury in making a material determination in the case." *Id.* Evidence is also unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged. United States v. Leonard, 439 F.3d 648, 652 (10th Cir. 2006).

The jailhouse call leading to the discovery of the gun is directly related to the pertinent issues in the case and so will not confuse a jury, nor is it substantially outweighed by any danger of unfair prejudice, confusion or misleading the jury. Also, there is nothing remarkable about the phone call that would evoke an emotional or adverse response from the jury. The phone call contains Defendant's own words relaying instructions to another person, and a gun was indeed found in a bag in Defendant's closet upon execution of the search warrant.

### III. No Violation Under Sixth Amendment or Under Fed.R.Evid. 801

Last, Defendant argues that admission of the recording of the call would violate Fed.R.Evid. 801 because the statements of the other person on the call would be admitted, such statements are hearsay, and in addition, the admission would violate Defendant's Sixth Amendment right to confront and cross-examine the other person on the phone call.

The Confrontation Clause applies only to testimonial hearsay. *See Davis v. Washington*, 547 U.S. 813 (2006) ); *Crawford v. Washington,* 541 U.S. 36 (2004) (Out of court statements by witnesses that are testimonial in nature are barred under the Confrontation Clause unless witnesses are unavailable and defendants had prior opportunity to cross-examine witnesses). The evidence at issue here consists of a phone call made by Defendant, and not for the purpose of obtaining

testimony for trial—the only "witness" on that call against Defendant is Defendant himself, and therefore the Sixth Amendment does not prohibit admission of this evidence at trial. *See Michigan v. Bryant*, 562 U.S. 344, 358, 131 (2011) (out of Court statements are admissible if the statement was not made for the purpose of building a record for trial).

Defendant's other hearsay argument also fails. There are several reasons to exclude Defendant's statements in that call from the hearsay rule: (1) The other person's statements on the jail phone calls are not hearsay because they are not being offered for their truth (Fed.R.Evid. 801(c)(2); the other person's statements reflect her present sense impression as well as her then-existing state of mind, including motive, intent and plan with respect to retrieving the firearm at Defendant's request (Fed.R.Evid. 803(1) & (3); and the statements made to Defendant by the other person on the line are not testimonial because they were not made for the purpose of building a record for trial. *See, e.g., United States v. Figueroa-Rivera*, 2017 WL 3601254 *2 (D.N.M.) (finding that defendant's statements in six selected conversations fell into the category of statements made by a party opponent and offered against that party under Rule 801(d)(2)(A)).

For the above reasons, Defendant's motion in limine **(Doc. 92)** is hereby DENIED and the Government's Cross-Motion in Limine **(Doc. 94)** is GRANTED.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE